UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60163-CR-BLOOM

**UNITED STATES OF AMERICA**

v.

**RICHARD RUSSO,**

        **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO THE STANDING
DISCOVERY ORDER AND REQUEST FOR RECIPROCAL DISCOVERY**

The United States hereby files this response to the Standing Discovery Order.

A.   1.   Enclosed, please find copies of:

- One (1) disk containing recorded post-Miranda statement of defendant;
- Search warrant relating to case;
- Reports of Investigation;
- Other documents relating to case.

    2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

    3.   No defendant testified before the Grand Jury.

    4.   The defendant's NCIC is attached.

    5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all parties.

        The attachments to this discovery response are not necessarily copies of all

       the books, papers, documents, etc., that the government may intend to introduce at trial.

      6.    A forensic examination of the cell phones and computer media seized from the defendant in connection with this case is in the process of being completed. Once the examination is complete, a sanitized report will be forwarded and a discovery conference where the results of the forensic examination will be made available can be arranged through the undersigned.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

    You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions, including the defendant's prior case in Bergan County, New Jersey. Once records relating to that case are received by this office, they will be forwarded to you.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The sexually explicit images and videos depicting minors engaged in sexually explicit conduct will be made available for review at the discovery conference.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government intends to offer the expert testimony of Ronald Faircloth, a computer forensic examiner with the Broward Sheriff's Office. Examiner Faircloth's CV is attached. The government also hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference discussed in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 001-066 with one (1) disk. Please contact the undersigned Assistant United States Attorney if any attachment is missing.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: s/ *Corey Steinberg*
Assistant United States Attorney
Florida Bar No. 0563234
500 Broward Blvd. 7th Floor
Fort Lauderdale, Florida 33394-3016
Tel: 954-660-5147
Fax: 954-356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 28, 2018, I electronically filed a true and correct copy of the foregoing document, Government's Response to the Standing Discovery Order, with the Clerk of the Court using CM/ECF.

I also certify that the accompanying discovery materials were mailed on June 28, 2018, to:

Chantel Doakes, Esq.
One East Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301
Attorney for Richard Russo

s/ *Corey Steinberg*
Assistant United States Attorney

4