UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60163-CR-BLOOM

UNITED STATES OF AMERICA

v.

RICHARD RUSSO,

        **Defendant.**
_____/

**STIPULATED FACTUAL BASIS**

Richard Russo (hereinafter referred to as "the defendant") individually and by and through his counsel, Chantel Doakes, and the United States, by and through the undersigned Assistant United States Attorney, agree and stipulate that the government would produce evidence of the facts recited below which are a fair and accurate summary of the events and the defendant's involvement in the conduct charged in the underlying Indictment and the charge to which the defendant is pleading guilty.

1. In July 2017, the National Center for Missing and Exploited Children ("NCMEC") received reports from two internet service providers (i.e. a Cybertip) notifying NCMEC that suspected images of child pornography had been uploaded to e-mails using their service. Investigation indicated both Cybertips had been uploaded by the same individual, identified by the initials RS, who resided in Oakland Park, Florida. On March 14, 2018, Broward Sheriff's Office executed a state search warrant at the residence of RS. Several electronic devices were seized from his residence to be forensically examined and RS was arrested and charged with multiple counts related to possession of child pornography. In examining RS's computer devices, other

individuals involved in the distribution and receipt of child pornography were discovered and investigations were opened.

2.  One investigation focused on a chat conversation between RS and an individual identified as "Ritchie" (later identified and hereinafter referred to as the defendant). The communication used a messaging application named Whatsapp. The chat began on December 5, 2017, and continued intermittently until February 28, 2018. Included in the communications were topics of sex with canines and "young." During these communications, RS transmitted multiple attachments of images and videos to the defendant. Many of these images and videos depicted minors under the age of 12 engaging in sexually explicit conduct.

3.  On May 21, 2018, law enforcement reviewed several of the attachments and confirmed that they constituted child pornography files, including images and videos of male children between the approximate ages of 8 and 16 performing oral sex on adult men and adult men performing anal sex on the minors. Following his receipt of those files, the defendant had commented: "[t]hose videos with little boys are hot".

4.  The dialogue continued on January 4, 2018 when RS transmitted additional images and videos to the defendant. One of the videos was so large that RS has to transmit it in three separate pieces. The video depicts an adult male engaging in violent sexual intercourse with an 18-month old child. In the video, the baby can be heard crying out and can be seen unsuccessfully attempting to push the adult male away.

5.  On January 5, 2018, the defendant transmitted a file to RS containing a picture of himself.

6.  Based on further investigation law enforcement identified the defendant as the

person communicating with and receiving child pornography from RS. He was further identified as being a paralegal specialist in the Fines, Penalties and Forfeiture Division with Customs and Border Protection.

7. A federal search warrant was executed at the defendant's residence on May 31, 2018. The defendant was taken into custody and a forensic examination on his ~~iPhone~~ Samsung Galaxy S8 was completed, during which the chats and child pornography traded between himself and RS were located.

8. The defendant was read his Miranda rights and agreed to answer questions. During the interview, the defendant admitted to receiving and possessing the child pornography discussed above but stated that he never asked for it and that "kids" were not "his thing." When asked why he did not tell RS to stop sending him child pornography or block his communications, the defendant stated that he was not computer savvy. When asked why he did not alert law enforcement to RS's activities, especially in light of the fact that he works with agents who investigate these cases, the defendant did not respond. When asked why his phone may indicate that he opened and viewed the images/files several times over multiple dates, the defendant admitted that he viewed them several times and could never figure out how to delete the images or videos from the phone.

9. The child pornography that was recovered from the defendant's ~~iPhone~~ Samsung Galaxy S8 had been shipped or transported in interstate and foreign commerce, or was produced using materials that had been shipped or transported in interstate or foreign commerce.

10. The foregoing events occurred in Broward County in the Southern District of Florida and elsewhere.

Date: 8/29/18

Date: 8/30/18

Date: 8/30/18

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: *Corey Steinberg*
Corey Steinberg
Assistant United States Attorney

By: _____
Chantel Doakes
Attorney for Defendant

By: _____
Richard Russo
Defendant